IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR GREENPOINT
MORTGAGE FUNDING TRUST
MORTGAGE PASS THROUGH
CERTIFICATES, SERIES 2006-AR4,

      Plaintiff,

  v.

MARY R. DUNHAM, *et al.*

      Defendants.

_____

Case No. 6:15-cv-00046-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff U.S. Bank as Trustee for Greenpoint Mortgage Pass-Through Certificates Series AR4 ("U.S. Bank as Trustee") moves for an order directing the action removed to this Court in the case of *U.S. Bank National Assoc., as Trustee v. Mary R. Dunham, et al.*, filed in the Circuit Court for the State of Oregon, for the County of Lane as Case No. 161424269, be remanded to Lane County Circuit Court. *See* ECF No. 7.

1 – OPINION AND ORDER

Because Charles Barker III ("Barker") is not a named defendant in the Lane County case and would not have been able to remove the case even if he were a defendant, and because Barker did not comply with the statutory requirements for removal, U.S. Bank as Trustee's motion is GRANTED and Barker is hereby ORDERED to pay costs and fees incurred by U.S. Bank as Trustee in connection with this motion.

## BACKGROUND

On December 2, 2014, U.S. Bank as Trustee filed a judicial foreclosure complaint against Mary R. Dunham, Citibank, Zuma Enterprises, LLC, and any other person claiming an interest in the property. Barker was not named in the complaint, but he claims to be a party to the action as the sole member of Zuma Enterprises, LLC, which owned the property at the time the complaint was filed. On December 29, 2014, Barker filed his own 62-page complaint with 18 causes of action in federal court against U.S. Bank as Trustee and eight other banking and lending entities. *See* No. 3:14-cv-2050 (D. Or.). On January 9, 2015, Barker filed a Notice of Removal of the state court judicial foreclosure action and named all the parties from his federal complaint, most of whom were not parties to the underlying state foreclosure action and have no interest in the property. On January 14, 2015, Barker transferred the property in question to himself from Zuma Enterprises, LLC.

## STANDARDS

Any civil action brought in a state court of which a federal district court would have original jurisdiction may be removed by the defendant or defendants to the federal court of the district and division where such action is pending. 28 U.S.C. § 1441(a). A civil action otherwise removable solely on the basis of diversity of citizenship may not be removed if any of the defendants is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b)(2). Even

2 – OPINION AND ORDER

if the defendant intends to present a defense or counterclaim that invokes federal law, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (emphasis in original).

Procedurally, a defendant seeking to remove a state court action must attach the state court pleadings to the notice of removal. 28 U.S.C. § 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. *Id*.

## DISCUSSION

Only a defendant may remove a case to federal court. Barker is not a named defendant in the underlying state foreclosure action. Even if Barker were a defendant, he is a resident of the state of Oregon, so he may not remove the Lane County case to federal court based solely on diversity of citizenship. *See* 28 U.S.C. § 1441(b)(2). Barker insists that his federal claims against the banks invoke federal jurisdiction, but removal jurisdiction stems only from the original complaint, irrespective of Barker's federal defenses and counterclaims. *Franchise Tax Bd.*, 463 U.S. at 10. The state foreclosure action does not provide this Court with original subject matter jurisdiction, so this Court has no basis on which to grant removal of the state action.

Barker insists that the federal complaint he filed on December 29, 2014, is part of this case and asks this Court to consolidate the two. Barker is mistaken. The two cases are independent causes of action. The state foreclosure complaint is an action brought by U.S. Bank as Trustee against all potential owners of the property. Barker's subsequent federal complaint is an action against various banking and lending entities, most of whom have no interest in the

3 – OPINION AND ORDER

property. Both causes of action may relate in some way to the property in question, but that fact does not make them identical cases. This Court could not consolidate the two cases unless it first had original jurisdiction over the state foreclosure action. For the reasons previously stated, federal subject matter jurisdiction does not exist in this case.

Under 28 U.S.C. § 1447(c), district courts have discretion to require payment of just costs and any actual expenses, including attorney fees, incurred as a result of an improper removal action. In this case, the lack of any legal foundation on which to remove the state foreclosure action, as well as Barker's failure to attach the underlying state pleadings or even pay the filing fee, justify costs and attorney fees in favor of U.S. Bank as Trustee.[1]

## CONCLUSION

Accordingly, U.S. Bank as Trustee's motion to remand, ECF No. 7, is GRANTED, and Barker is hereby ORDERED to pay costs and fees incurred by U.S. Bank as Trustee in connection with Barker's improper removal.

IT IS SO ORDERED.

DATED this 16th day of March, 2015.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

---

[1] Barker's motion to strike for failure to confer is DENIED. Barker's Response states counsel for U.S. Bank as Trustee sent Barker a letter dated February 4, 2015 in an attempt to confer. Resp., 3.

4 – OPINION AND ORDER